UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
WINTER STORM SHIPPING, LTD.,                        :

            Plaintiff,                        :          01 Civ 5650 (SAS)

     - against -                        :

TPI OIL (1997) CO., LTD. and                        :
IRPC PUBLIC COMPANY LIMITED, f/k/a,
TPI, a/k/a THAI PETROCHEMICAL                        :
INDUSTRY PUBLIC COMPANY LIMITED, or
THAI PETROCHEMICAL INDUSTRY PCL,          :

            Defendant.                        :
--------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR
## LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Winter Storm Shipping Ltd. (hereinafter "Plaintiff" or "Winter Storm"), by its attorneys, Tisdale & Lennon, LLC, submits this Memorandum of Law in support of its motion pursuant to Federal Rule of Civil Procedure 15 for leave to file a second Amended Verified Complaint in this action. For the reasons set forth in the accompanying Declaration of Nancy R. Peterson (hereinafter "Peterson Decl.") and herein, the motion should be granted.

## FACTS

At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law, with a place of business at 147 St. Lucia Street, Valletta VLT 04, Malta, and was and still is the Owner of the motor vessel NINEMIA (hereinafter the "Vessel"). Upon information and belief, at all material times, the Defendant, TPI OIL (1997) CO., LTD. (hereinafter "TPI 2007") was and still is a corporation or other business entity organized and existing by virtue of the laws of Thailand with a principal place of business in Thailand.

-1-

By a charter party dated February 26, 2001, Plaintiff chartered the Vessel to the Defendant TPI 2007. Defendant TPI 2007 breached the aforesaid charter party by nominating and loading in the Vessel a non-contractual cargo crude oil at the port of Rabigh, Saudi Arabia on or about March 7, 2001. Certain disputes arose between the parties, regarding TPI 2007's failure to make payments due and owing under the charter party. Despite due demand, TPI 2007 failed and refused to pay or otherwise secure Plaintiff's claim. The aforesaid charter party provides that any disputes arising under the charter party shall be referred to arbitration in the city of London, England. Therefore, Plaintiff initiated arbitration proceedings against TPI 2007 to recover its damages.

In addition, as a result of TPI 2007's failure to pay the amounts due and owing under the charter party, Plaintiff initiated this action under Supplemental Admiralty Rule B in order to obtain security for its claims. This instant action was commenced on June 21, 2001, by the filing of a Verified Complaint which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8. *Peterson Decl.,* ¶3. On June 22, 2001, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized the Plaintiff to attach TPI 2007's (and its aliases') property up to the sum of $361,621.58, located within this judicial district and belonging to TPI 2007 (or its aliases). *Id.,* ¶5. An Amended Complaint was filed on June 27, 2001.

The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to TPI 2007 (and its aliases). The Ex-Parte Order and PMAG were served upon various banks including, but not limited to, Bank

of New York. *Id.,* ¶6. Pursuant to the Ex-Parte Order and PMAG, Bank of New York restrained funds in the amount of $361,621.58.

On October 15, 2001, TPI 2007 moved to vacate the attachment, filing its Memorandum of Law and other supporting papers. Its motion to vacate was initially granted. However, the decision was reversed and remanded by the Second Circuit Court of Appeals. *Id.,* ¶¶ 9, 10.

After consideration of the evidence, on October 17, 2006 the London arbitration panel rendered a Partial Final Award in Plaintiff's favor. On December 27, 2006, the Partial Final Award was recognized and confirmed as a Judgment of this Court. Then, on January 8, 2007, this Court entered partial judgment in the amount of $143,969.02. *Id.,* ¶13.

On February 22, 2007, the London Arbitration panel issued another Award in Plaintiff's favor. *Id.,* ¶14. Plaintiff was awarded the costs it incurred in the arbitration in the amount of £182,690.84 and the cost of the second Award in the amount of £5,175.00. Plaintiff was also awarded interest on both of these amounts at 7.75% per annum, compounded quarterly from the date of the award until the date of reimbursement. Plaintiff now moves to amend the Complaint to request security for this second Award.

Furthermore, subsequent to the filing of the Amended Verified Complaint, Plaintiff had an investigation conducted regarding TPI 2007 and its aliases. Pursuant to the investigation, it has been discovered that the entity named "TPI a/k/a THAI PETROCHEMICAL, INDUSTRY PUBLIC COMPANY LIMITED, or THAI PETROCHEMICAL INDUSTRY PCL, LTD." has changed its name to "IRPC PUBLIC COMPANY LIMITED" (hereinafter "IRPC"). In addition, although IRPC is separately incorporated, it has been acting as alter ego of TPI 2007, such that IRPC is, or soon will be, in the possession of property belonging to TPI 2007. *Peterson Decl.,* ¶17.

–3–

IRPC is not named as a charterer in the February 26th charter party. However, even though IRPC is not named as a charterer, its funds were used to satisfy TPI 2007's debt to Plaintiff under the Partial Final Award. *Id.,* *¶18.* In addition, IRPC owns 99% of TPI 2007's shares through its subsidiaries. *Id.,* *¶19.* Further evidence of the alter ego relationship between TPI 2007 and IRPC is the fact that all contact with TPI 2007 must be made through IRPC. Plaintiff's investigation revealed no independent contact details or address for TPI 2007. *Id.,* *¶21.*

The fact that IRPC's funds were used to satisfy TPI 2007's debt and that communications with TPI 2007 are controlled by IRPC show that TPI 2007 has no real existence of its own. Furthermore, the above facts indicate that IRPC so dominates TPI 2007 that it is actually carrying on business through TPI 2007. TPI 2007 is merely a "shell" corporation through which IRPC transacts chartering business.

Plaintiff makes the instant motion in order to supplement its initial verified complaint with: (1) alter ego allegations against IRPC; and (2) a request for security based on the Award of Costs issued by the Arbitration Panel.[1] For the reasons stated herein, Plaintiff's Motion for Leave to File a Second Amended Complaint should be granted.

## ARGUMENT

Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *See World Reach Shipping Ltd. v. Indus. Carriers Inc.,* 2006 U.S. Dist. LEXIS 83224 (S.D.N.Y. 2006)(granting Plaintiff's motion to amend the Complaint, allowing Plaintiff to add an alter-ego defendant and increase the amount of security it

---

[1]    By the second Amended Complaint, Plaintiff will also remove the alias, TPI Oil Co. Ltd., and include recent developments within the instant action.

was seeking under Rule B); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Furthermore,

leave to amend should be freely given when justice so requires. *See Advanced Magnetics, Inc. v.*

*Bayfront Partners, Inc.*, 106 F3d 11, 18 (2d. Cir. 1997).

Here, like in *World Reach Carriers, supra,* there is evidence showing that the party to be

added (IRPC) is in an alter-ego relationship with the Defendant (TPI 2007), which it likely uses

to insulate itself from liability to its creditors. Thus, justice requires that Plaintiff's alter-ego

allegations be incorporated into the Complaint. If Plaintiff is not permitted to amend its

Complaint, it will be prevented from accessing the full gambit of TPI 2007's assets in New York

in order to secure its claim. TPI 2007 should not be allowed to circumvent an Order of the

Court, by arranging for all of its transactions to go through a related company. Plaintiff seeks to

rectify this situation by amending its complaint.

TPI 2007 is also not prejudiced by Plaintiff's request for security for the Award of Costs.

TPI 2007 was given ample opportunity to contest the Award of Costs, however, it chose not do

so. *See Award of Costs annexed to the Peterson Decl. as Exhibit "1."*

Moreover, the original amount attached at Bank of New York does not provide sufficient

security for the Award of Costs. After Plaintiff enforced the partial judgment rendered in this

action against the funds attached, only $239,396.20 remains at the Bank of New York. However,

as will be shown below, Plaintiff is owed approximately **$432,709.18** under the Award of Costs.

Plaintiff expects to recover the following amounts under the Award of Costs:

Principal amount:                                                    $360,832.44

Cost of Award:                                                       $10,218.00

Estimated interest on above amounts at 7.75% per annum,
compounded quarterly from February 22, 2007 until
estimated date of recovery (February 22, 2009):                  $ 61,658.74

**Total:**                                                       **$432,709.18**

Thus, Plaintiff's Amended Complaint would seek security in the amount of **$193,312.98**,

the difference between the amount attached at Bank of New York and the amount due under the

Award of Costs. *See proposed Amended Complaint annexed to Peterson Decl. as Exhibit "2."*

Plaintiff's request for security for the amounts awarded in the Award of Costs meets the

requirements of Rule B, and thus its request to amend should be granted. Plaintiff's claim, based

on an Award of Costs issued pursuant to a maritime arbitration, is maritime in nature, the

Defendant(s) cannot be located within the district, and no other bar to maritime attachment

exists. *Peterson Decl., ¶27; see also Affidavit in Support of proposed Amended Complaint*

*annexed to Peterson Decl. as Exhibit "3."*

Furthermore, TPI 2007 will not be prejudiced by Plaintiff's second Amended Verified

Complaint because it had due notice of the attachment after its funds were first restrained.

Plaintiff was made aware of the attachment in 2001, and from that time forward has been on

notice that Plaintiff may attach any and all funds in which it has a property interest, including

those funds it routes through its alter-egos.

As shown by its Motion to Vacate and its subsequent defense of Plaintiff's appeal, TPI

2007 remains duly apprised of the status of the attachment. By the Amended Complaint,

Plaintiff is merely expanding the circumference of the attachment to include Plaintiff's alter ego,

IRPC, and a request for security based on the second Award issued by the London Arbitration

panel. Whether TPI 2007 is routing its funds through an alter ego or not, it has breached a

maritime contract, and by information and belief could not be found or served with process in

New York at the time the attachment was filed. Therefore, Plaintiff is still entitled to use the remedy of ex-parte attachment and garnishment pursuant to Supplemental Rule B against TPI 2007 and any of its alter egos as long as there is a basis to allege such a relationship. *See World Reach Carriers, supra.*

As the requirements of Rule B have been met and TPI 2007 will not suffer undue prejudice, the motion to amend should be granted and a Supplemental Order of Attachment should issue. Plaintiff submits a proposed Amended Verified Complaint together with this motion. *See Exhibit "2" annexed to the Peterson Decl.*

## Conclusion

For all of the foregoing reasons, Plaintiff's Motion for leave to file a second Amended Verified Complaint should be granted.

Dated: Southport, CT
      April 13, 2007

The Plaintiff,
WINTER STORM SHIPPING, LTD.,

By: _____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL-2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025
(212) 869-0067 fax
plennon@tisdale-lennon.com
npeterson@tisdale-lennon.com

## AFFIRMATION OF SERVICE

I hereby certify that on April 13, 2007, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____

Nancy R. Peterson (NP 2871)