UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WINTER STORM SHIPPING, LTD.,                :

         Plaintiff,                         :         01 Civ 5650 (SAS)

   - against -                                        :

TPI OIL (1997) CO. and IRPC PUBLIC         :
COMPANY LIMITED f/k/a, TPI a/k/a
THAI PETROCHEMICAL,                              :
INDUSTRY PUBLIC COMPANY LIMITED, or
THAI PETROCHEMICAL INDUSTRY PCL,   :
LTD.,
                                                     :

         Defendants.
------------------------------------------------------------X

## DECLARATION OF NANCY R. PETERSON
## IN SUPPORT OF MOTION FOR
## LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to 28 United States Codes section 1746, Nancy R. Peterson declares as follows:

1.    I am an attorney admitted to practice law before this Honorable Court.

2.    I am counsel for the Plaintiff herein, Winter Storm Shipping, Ltd. (hereinafter "Plaintiff"), and I submit this declaration in support of Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 15, for leave to file a second amended complaint.

3.    This instant action was commenced on June 21, 2001, by the filing of a Verified Complaint which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8.

4.    On June 22, 2001, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment.

5. The Ex-Parte Order authorized the Plaintiff to attach TPI 2007's (and its aliases') property up to the sum of $361,621.58, located within this judicial district and belonging to TPI 2007 (or its aliases).

6. The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to TPI 2007. These were served upon various banks including, but not limited to, Bank of New York.

7. An Amended Complaint was filed on June 27, 2001.

8. Pursuant to the Ex-Parte Order and PMAG, Bank of New York restrained funds in the amount of $361,621.58.

9. On October 15, 2001, TPI 2007 moved to vacate the attachment, filing its Memorandum of Law and other supporting papers.

10. TPI 2007's motion to vacate was initially granted. However, the decision was reversed and remanded by the Second Circuit Court of Appeals.

11. After consideration of the evidence, on October 17, 2006 the London arbitration panel rendered a Partial Final Award in Plaintiff's favor.

12. On December 27, 2006, the Partial Final Award was recognized and confirmed as a Judgment of this Court.

13. Then, on January 8, 2007, this Court entered partial judgment on Plaintiff's claims in the amount of $143,969.02

14. On February 22, 2007, the London Arbitration panel issued a second Award in Plaintiff's favor.

15. Plaintiff was awarded the costs it incurred in the arbitration in the amount of £182,690.84 and the cost of the second Award in the amount of £5,175.00. Plaintiff was also

awarded interest on both of these amounts at 7.75% per annum, compounded quarterly from the date of the award until the date of reimbursement

16. Subsequent to the filing of the Amended Verified Complaint, Plaintiff had an investigation conducted regarding TPI 2007 and its aliases.

17. Pursuant to the investigation, it has been discovered that the entity named "TPI a/k/a THAI PETROCHEMICAL, INDUSTRY PUBLIC COMPANY LIMITED, or THAI PETROCHEMICAL INDUSTRY PCL, LTD." has changed its name to IRPC PUBLIC COMPANY LIMITED (hereinafter "IRPC") and although separately incorporated, it has been acting as alter ego of TPI 2007, such that IRPC is, or soon will be, in the possession of property belonging to TPI 2007.

18. IRPC's funds were used to satisfy TPI 2007's debt to Plaintiff under the Partial Final Award.

19. In addition, IRPC owns 99% of TPI 2007's shares through its subsidiaries.

20. Furthermore, all contact with TPI 2007 must be made through IRPC.

21. Plaintiff's investigation revealed no independent contact details or address for TPI 2007.

22. TPI 2007 was given ample opportunity to contest the Award of Costs, however, it chose not do so. *See Award of Costs annexed hereto as Exhibit "1."*

23. The original amount attached at Bank of New York does not provide sufficient security for the Award of Costs.

24. After Plaintiff enforced the partial judgment rendered in this action against the funds attached, only $239,396.20 remains at the Bank of New York.

25. Plaintiff expects to recover the following amounts under the Award of Costs:

| | |
|---|---:|
| Principal amount: | $360,832.44 |
| Cost of Award: | $10,218.00 |
| Estimated interest on above amounts at 7.75% per annum, compounded quarterly from February 22, 2007 until estimated date of recovery (February 22, 2009): | $ 61,658.74 |
| **Total**: | **$432,709.18** |

26. Plaintiff's amended complaint would seek security in the amount of **$193,312.98**, the difference between the amount attached at Bank of New York and the amount due under the Award of Costs. *See proposed Amended Complaint annexed hereto as Exhibit "2."*

27. Plaintiff's claim, based on an Award of Costs issued pursuant to a maritime arbitration, is maritime in nature, the Defendants cannot be located within the district, and no other bar to maritime attachment exists.

28. Please find annexed hereto as Exhibit "3" an Affidavit in Support of the proposed Second Amended Complaint.

29. For the foregoing reasons, and for the reasons set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff's motion for leave to file a second amended complaint should be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 13, 2007.

_____
Nancy R. Peterson

## AFFIRMATION OF SERVICE

I hereby certify that on April 13, 2007, a copy of the foregoing Memorandum of Law was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Nancy R. Peterson (NP 2871)