**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WINTER STORM SHIPPING, LTD.,                :

        Plaintiff,                                    :          01 Civ 5650 (SAS)

   - against -                                           :

TPI OIL (1997) CO., LTD. and                       :
IRPC PUBLIC COMPANY LIMITED, f/k/a,
TPI, a/k/a THAI PETROCHEMICAL           :
INDUSTRY PUBLIC COMPANY LIMITED, or
THAI PETROCHEMICAL INDUSTRY PCL,  :

        Defendant.                                  :
------------------------------------------------------------X

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff, Winter Storm Shipping Ltd. by its attorneys, Tisdale & Lennon, LLC, as and for its Second Amended Verified Complaint against the Defendants, TPI OIL (1997) CO., LTD. (hereinafter "TPI 2007") and IRPC PUBLIC COMPANY LIMITED f/k/a, TPI a/k/a THAI PETROCHEMICAL, INDUSTRY PUBLIC COMPANY LIMITED, or THAI PETROCHEMICAL INDUSTRY PCL, LTD. (hereinafter "IRPC"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code section 1333.

    2.    At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of foreign law, with a place of business at 147 St. Lucia Street, Valletta VLT 04, Malta, and was and still is the Owner of the motor vessel "NINEMIA" (hereinafter the "Vessel").

1

3. Upon information and belief, at all material times, the Defendant TPI 2007 was and still is a corporation or other business entity organized and existing by virtue of the laws of Thailand and was the charterer of the Vessel.

4. Upon information and belief, the Defendant IRPC is a corporation or other business entity organized and existing by virtue of the laws of Thailand and is the alias and/or alter-ego of the Defendant TPI 2007.

5. By maritime contract of charter dated February 26, 2001, Plaintiff chartered the Vessel to TPI 2007.

6. TPI 2007 breached the aforesaid maritime contract of charter by nominating and loading in the Vessel a non-contractual cargo crude oil at the port of Rabigh, Saudi Arabia on or about March 7, 2001.

7. The Vessel then sailed to and arrived at the port of Rayong, Thailand on or about March 26, 2001 and completed discharging Defendant's non-contractual cargo on or about March 30, 2001.

8. Thereafter, TPI 2007 paid freight owing to Plaintiff under the terms of the contract of charter, but wrongfully deducted $205,757.90. Despite due demand, TPI 2007 intentionally and willfully failed and refused to pay this amount to the Plaintiff.

9. As a result of the TPI 2007's breach of the aforesaid maritime contract of charter, Plaintiff suffered damages in the total principal sum of $205,757.90.

10. The aforesaid contract of charter provides that any disputes arising under the charter party shall be referred to arbitration in the city of London, England.

11. Plaintiff initiated arbitration proceedings against TPI 2007 to recover its damages.

12. After consideration of the evidence, on October 17, 2006 the London arbitration panel rendered a Partial Final Award in Plaintiff's favor.

13. On December 27, 2006, the Partial Final Award was recognized and confirmed as a Judgment of this Court.

14. Then, on January 8, 2007, this Court entered partial judgment in the amount of $143,969.02.

15. On February 22, 2007, the London Arbitration panel issued a second Award in Plaintiff's favor.

16. Plaintiff was awarded the costs it incurred in the arbitration in the amount of £182,690.84 and the cost of the second Award in the amount of £5,175.00. Plaintiff was also awarded interest on both of these amounts at 7.75% per annum, compounded quarterly from the date of the award until the date of reimbursement.

17. Plaintiff has failed to pay the amounts due and owing under the Award of Costs.

18. Plaintiff expects to recover the following amounts pursuant to the Award of Costs:

| | |
|---|---|
| Principal amount: | $360,832.44 |
| Cost of Award: | $10,218.00 |
| Estimated interest on above amounts at 7.75% per annum, compounded quarterly from February 22, 2007 until estimated date of recovery (February 22, 2009): | $ 61,658.74 |
| Total: | $432,709.18 |

19. As Plaintiff is partially secured in the amount of $239,396.20, Plaintiff's total request for security amounts to **$193,312.98.**

3

20. Upon information and belief, Defendant TPI 2007 is merely a shell-corporation through which Defendant IRPC conducts its business, or vice versa.

21. Upon information and belief, IRPC has no separate, independent identity from TPI 2007.

22. Furthermore, IRPC is the alter ego of TPI 2007 because IRPC dominates and disregards TPI 2007's corporate form to the extent that it is actually carrying on TPI 2007's business and operations as if the same were its own, or vice-versa.

23. Upon information and belief, IRPC uses TPI 2007 such that it can insulate itself from creditors relating to its charters.

24. Upon information and belief, TPI 2007 has no corporate existence of its own.

25. IRPC owns 99% of TPI 2007's shares through its subsidiaries.

26. Furthermore, upon information and belief, all contact with TPI 2007 must be made through IRPC.

27. In addition, an investigation conducted on Plaintiff's behalf revealed no independent contact details or address for TPI 2007.

28. It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies.

29. Payments made on behalf of another independent company are suggestive of a relationship that is not "arm's length."

30. Upon information and belief, IRPC allows its funds to be used to satisfy TPI 2007's debts where IRPC has absolutely no contractual obligation to TPI 2007's creditors.

31. Particularly, IRPC allowed its funds to be used to satisfy the Partial Final Award rendered against TPI 2007.

4

32. In the further alternative, Defendants are partners and/or are joint venturers.

33. In the further alternative, Defendants are affiliated companies such that IRPC is now, or will soon be, holding assets belonging to TPI 2007 and vice versa.

34. In the further alternative, "TPI OIL (1997) CO., LTD." is an alias of "IRPC PUBLIC COMPANY LIMITED f/k/a, TPI a/k/a THAI PETROCHEMICAL, INDUSTRY PUBLIC COMPANY LIMITED, or THAI PETROCHEMICAL INDUSTRY PCL, LTD."

35. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendants.

36. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Second Amended Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of **$193,312.98** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Second Amended Complaint;

C.  That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
April 13, 2007

The Plaintiff,
WINTER STORM SHIPPING, LTD.

By:_____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
npeterson@tisdale-lennon.com
plennon@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )  ss.:   Town of Southport
County of Fairfield  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Second Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         April 13, 2007

                                            _____
                                            Nancy R. Peterson